AIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTIN JOHNSON, | : | Civil Action No. 4:15-CV-1463 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| CAROLYN COLVIN,<br>*Acting Commissioner of*<br>*Social Security,* | : | |
| | : | (Magistrate Judge Saporito) |
| Defendant. | : | |

**ORDER**

June 6, 2016

On April 22, 2016, Magistrate Judge Joseph F. Saporito, Jr., to whom this matter is jointly assigned, issued a thorough report and recommendation[1] recommending that the undersigned affirm the decision of the Commissioner of Social Security (hereinafter "the Commissioner") denying Plaintiff, Kristin Johnson (hereinafter "Johnson"), social security benefits. Both Johnson,

---

[1] ECF No. 16.

represented by counsel, and the Commissioner filed objections[2] to the report and recommendation of the magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[3] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[4] When objections are timely filed, the district court must conduct a de novo review of those portions of the report to which objections are made.[5] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[6]

For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no

---

[2] ECF Nos. 17 and 18, respectively.

[3] 28 U.S.C. 636(b)(1)(B).

[4] 28 U.S.C. 636(b)(1).

[5] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[6] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8] Despite Johnson's characterization of her limitations in her brief, the magistrate judge accurately explained why the recommendation is to affirm the Commissioner on both of these issues.

The report and recommendation of Magistrate Judge Saporito is well prepared, thoroughly researched, its reasoning logical and supported by both the social security regulations and case law. That said, the Plaintiff raises three causes of alleged error by the magistrate judge.

First, Johnson asserts that the magistrate judge erred by finding that substantial evidence supported the administrative law judge's finding as to her residual functional capacity. Johnson's argument regarding alleged error in determining her residual functional capacity can be further divided into two subarguments. First, she argues that she cannot perform the full range of light work, and second, that she would not need to miss more than four days of work per

---

[7] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

month.[9] As to Johnson's assertion that she can not perform the full range of light work, Magistrate Judge Saporito adeptly explained,

> Ms. Johnson argues that the ALJ's RFC assessment is internally inconsistent because it would be impossible for her to engage in light work, as defined in 20 C.F.R. § 416.967(b) and SSR 83-10 if she is limited to two hours of standing per day. Ms. Johnson's argument, however, overlooks the possibility that an RFC assessment may fall between exertional categories. See SSR 83-12, 1983 WL 31253 (recognizing the possibility that a claimant's RFC may not coincide with one of the defined exertional ranges of work.). [10]

Further, in response to Johnson's argument that she would need to miss more than four days of work per month, Magistrate Judge Saporito stated,

> We find, however, that this argument lacks merit, in large part because close scrutiny of the record reveals that virtually all of these periods of hospitalization occurred during the four month period shortly after Ms. Johnson's alleged onset date.[11]

Next, Johnson argues that the magistrate judge erred by finding that the administrative law judge properly evaluated the medical opinion evidence. However, as Magistrate Judge Saporito explained, the administrative law judge explained the weight he gave to each medical opinion in accordance with the social

---

[9]ECF No. 17 at 1-2.

[10]ECF No. 16 at 34-35.

[11]ECF No. 16 at 43-44.

security regulations.[12]

Finally, Johnson argues that the magistrate judge erred by finding that the administrative law judge properly evaluated Johnson's credibility. Again, the magistrate judge reviewed the social security regulations and found that the administrative law judge had fully discussed the Plaintiff's testimony and subjective complaints, along with the objective evidence of record.[13]

The report and recommendation of the magistrate judge is therefore ADOPTED IN FULL. ECF No. 16. The decision of the Commissioner is AFFIRMED. The Clerk is directed to enter judgment in favor of the Commissioner and against the Plaintiff. The Clerk is further directed to close the case file.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[12] See ECF No. 16 at 42-49 for full explanation. The Court will not waste judicial resources by rehashing the sound reasoning of the magistrate judge.

[13] See ECF No. 16 at 50-53 for full explanation. The Court will not waste judicial resources by rehashing the sound reasoning of the magistrate judge.